HENRY T. CLARKE ET AL. V. ELBERT D. VAN COURT ET AL.

[FILED MARCH 9, 1892.]

1. **Trial:** PLEADING: EVIDENCE. On the trial of a cause, where the answer of the defendants was a general denial, the court refused to permit proof of an affirmative defense until "the issues are perfected in the case," evidently referring to an amended answer which was soon afterwards filed. *Held,* That the ruling of the court was not erroneous.

2. ———: ———: ———. The sixth and seventh paragraphs of the amended answer contained matter in the nature of a counterclaim. A motion was made to strike both paragraphs out, "for the reason that they do not state proper causes of defense." The motion as to the sixth paragraph was overruled, but the record failed to show any ruling as to the seventh, and testimony was admitted to prove the facts stated therein. *Held,* That error did not affirmatively appear.

3. ———: ———: ———.   Where the answer raised questions as to the nature of the contract entered into by the parties, and the quality of the article delivered under it, to which a reply was filed, the plaintiff in rebuttal may contradict or explain the testimony introduced to sustain the answer.

4. Instructions set out in the record, *held*, applicable to the testimony.

ERROR to the district court for Douglas county.   Tried below before DOANE, J.

*John L. Webster*, for plaintiffs in error, cited :  *Vanslyck v. Mills*, 34 Ia., 375 ;  *Frederick v. Ballard*, 16 Neb., 559 ; *Fisk v. Tank*, 12 Wis., 306;  *Pa. R. Co. v. Titusville*, 71 Pa. St., 350; Sutherland on Damages, pp. 401–403; *Passenger v. Thornburn*, 34 N. Y., 634.

*Bradley & De Lamatre, contra.*

MAXWELL, CH. J.

This action was brought in the district court of Douglas county, by the defendants in error against the plaintiffs in error, to recover a balance of $1,846.24 due upon an account.   The original answer was a general denial.   On the trial of the cause an amended petition was filed and also an amended answer.   The fourth, fifth, sixth, and seventh paragraphs of which are as follows:

" These defendants, further answering, say that said plaintiffs, on or about the 18th day of August, 1887, made their contract in writing of that date, by which they agreed to furnish to the defendants screened gravel at $2 per yard, unscreened gravel at 90 cents, and sand at 80 cents per yard, to be used by the defendants in paving in the city of Lincoln, and further say that said plaintiffs furnished to said defendants, under said contract, gravel and sand for a few days only and then refused and neglected to comply with said contract and refused to furnish any further sand

or gravel under said contract; that shortly thereafter, and about the 1st of September, 1887, said plaintiffs made a new contract with the defendants, agreeing to furnish to the defendants screened gravel, to be used for paving purposes in the city of Lincoln, at $2.25 per yard, and that almost immediately thereafter said plaintiffs refused, neglected, and failed to comply with said contract, and refused and neglected to furnish screened gravel under said contract for the use of these defendants.

"Fifth—Defendants, further answering, say that thereafter said plaintiffs made a third proposition to these defendants to furnish unscreened gravel free on board the cars at Lincoln, to be used in paving by these defendants, at $1.50 per yard, and then guaranteed and warranted that said unscreened gravel would yield fifty per cent of screened gravel, and notwithstanding said last named contract, in violation of the guarantee and warranty of the plaintiffs as last above set forth, said plaintiffs did ship a large quantity of gravel to the defendants at Lincoln, but which unscreened gravel was almost wholly useless and valueless for the purpose for which the defendants had contracted for the same, and almost wholly useless and valueless for the purpose of paving, and which unscreened gravel so shipped did not contain fifty per cent of gravel and would not and did not yield fifty per cent of screened gravel, but that the same only contained about ten per cent of gravel, and that the defendants were put to great expense, to-wit, about the sum of $600, in trying to separate the gravel from the sand, and that said unscreened gravel so furnished by the said plaintiffs to these defendants at Lincoln was not in compliance with the terms and conditions of said contract, and of which fact the defendants frequently notified said plaintiffs, and that said unscreened gravel so furnished was of a market value of not exceeding 90 cents per yard.

"Sixth—These defendants, further answering, say that

by reason of the breach of said respective contracts on the part of the plaintiffs, and by reason of the inferior quality and grade of unscreened gravel so furnished by said plaintiffs, the defendants were put to great cost and expense in trying to separate the gravel from so large a quantity of sand, to-wit, about the sum of $600; said expense was made necessary on the part of these defendants on account of the failure of the plaintiffs to comply with their said contract to furnish sand and gravel of the character above guaranteed and warranted, and thereby these defendants lost the sum of $600, whereby these defendants pray judgment against said plaintiffs for the amount of their loss and damages as aforesaid sustained, to-wit, in the sum of $600.

"Seventh—These defendants, further answering, say that it was well understood between the parties, plaintiffs and defendants, that said sand and gravel was to be furnished by plaintiffs to defendants to be used by defendants in carrying on their work of paving the streets in the city of Lincoln, and that said plaintiffs during all the times then and there well knew that said defendants could not carry on their paving contracts in the city of Lincoln without the use of such sand and gravel, yet notwithstanding such fact, and notwithstanding the further fact that said plaintiffs had agreed with the defendants to furnish suitable gravel to be used in said paving in such quantities and at such times as the same should be needed by the defendants in the carrying on of said work, and by reason of the breach of said contract on the part of said plaintiffs to so furnish said gravel of the kind and quality agreed upon, and at the times agreed upon, the defendants suffered great loss and damage, by way of interruption of the carrying on of said work, to-wit, in the sum of $1,250, and for which said sum of money these defendants also pray judgment against said plaintiffs."

The plaintiffs below, in reply to the fourth paragraph of

the answer, deny that they refused to furnish sand or gravel, admit the making of the new contract as alleged, but deny that they refused to perform as agreed upon.    In reply to the fifth paragraph they deny that the proposition for un-screened gravel at $1.50 per cubic yard was accompanied with a guaranty that it would produce fifty per cent of screened gravel.

On the trial of the cause the jury returned a verdict in favor of the plaintiffs below for the sum of $1,663.37, upon which judgment was rendered.

A number of errors are assigned, which will be noticed in their order.

The first error assigned is the refusal to permit the defendants below to prove the quality of the gravel, and we are referred to page 50 of the record to sustain the assignment.    We find there the following entry: " The court sustains the ruling on that motion till the issues are perfected in the case," evidently referring to the proposed amendment of the pleadings.    The original answer being a general denial, proof of this kind was not admissible on the part of defendants below, and this no doubt explains the ruling of the court at that time, and, so far as appears, it was correct.    After the amended pleadings were filed, however, all matters in that paragraph put in issue seem to have been fully investigated, and there is no just ground of complaint under the first assignment.

The second assignment is the refusal to allow proof of the counter-claim of the defendants below under the seventh paragraph of the answer.    It appears from the record that on the trial of the cause a motion was made " to strike from defendants' amended answer paragraphs 6 and 7, for the reason that they do not state proper causes of defense." The motion as to the sixth paragraph was overruled, but as to the seventh we find no ruling.    Proof was introduced without objection under the seventh paragraph of the answer of defendants below tending to show the loss from

the failure to deliver the gravel, and, so far as we can see, the question was fairly submitted upon the evidence.

The third error assigned is in permitting Van Court, when called in rebuttal, to testify as to what was said at the Capital hotel when the contract was made, and also to testify as to the quality of the gravel. A like objection is made to the testimony of other witnesses of the plaintiffs below. We see no error in this. The nature of the contract, and whether or not the plaintiffs below had complied with it, were material questions in the case and involve the quality of the gravel contracted for and delivered. Under issues made by the pleadings these questions properly arose on the answer and reply, and there was no error in admitting the proof. The fourth error alleged is in certain instructions of the court. The instructions are as follows:

"This action is brought by plaintiffs to recover a balance claimed to be due from the defendants to the plaintiffs for a quantity of sand and gravel sold and delivered to the defendants by the plaintiffs at Lincoln, at prices agreed upon between the parties. The defendants in their answer deny, first, that the plaintiffs furnished the quantities of material claimed by the plaintiffs, but upon the trial the parties agreed substantially upon the quantities of material furnished, so that you will have no trouble with that branch of the case; second, the defendants deny that the material was of the quality and value charged for in the petition. The defendants also set forth certain agreements under which they claim the material was delivered, the last of which, under which they claim the bulk of the material was delivered, was for the delivery of unscreened gravel at a price agreed upon, and which the defendants allege was accompanied with a guaranty that such material would yield fifty per cent of screened gravel, and they claim that the material so furnished and delivered to them by the plaintiffs did not contain and did not yield fifty per cent of screened gravel and that they were put to great expense

in trying to separate the gravel from the sand, which expense they claim was made necessary on account of the failure of the plaintiffs to furnish the material of the quality and character agreed upon. The plaintiffs in their reply admit the different agreements as to prices of the material alleged by the plaintiffs in their answer, but deny that they gave any guaranty or warranty as to the quality of the gravel to be supplied by them under the third agreement.

"First—That the parties had the right to make as many agreements as they chose for the delivery of the material specified in the petition and to change their agreements as to the quality of the material to be furnished, and as to the prices to be paid therefor from time to time, and both parties would be bound thereby.

"Second—Both parties would be bound by any agreement made for the delivery of material, both as to quality and price and all other respects, until such agreement was changed by mutual consent, and all deliveries of material by the plaintiffs to the defendants will be referred by you to the agreement which may have been in force between the parties at the time of such delivery.

"Third—The burden of proof is upon the plaintiffs in the first instance to satisfy you by a preponderance of the testimony that the material sued for in this action was delivered in the quantities and of the quality provided for in the agreements between the parties, but if the defendants claim that there was a guaranty made by the plaintiffs that any specific description of the material should be of a certain quality, the burden of proof is upon the defendants to satisfy you by a preponderance of the testimony that such a guaranty was given.

"Fourth—You will consider all the testimony submitted before you on the question of a guaranty of the quality of the material to be furnished by the plaintiffs to the defendants, and if you find from the testimony that such a

guaranty was given, you will then consider whether under the testimony the material was such as the guaranty required. If you shall find from the testimony that it was not, then you will inquire what damages the defendants sustained by reason thereof.

"Fifth—The rule of damages for a failure of a party to furnish goods of a quality provided for in a contract in case such goods are received and appropriated by the other party would originally be the difference in the market value at the place of delivery, between the articles of the quality contracted for and the articles as delivered. But in this case the defendants having claimed they were put to great expense in securing the material delivered to them by the plaintiffs by reason of its being of different quality from that contracted for, they are not entitled as damages to a deduction from the contract price in order to reduce the material which was furnished to its market value, and also to damages to the expense they were put to in screening the gravel.

"Sixth—If you shall find from the testimony that the plaintiffs guaranteed that the unscreened gravel which they were to furnish the defendants should be of a certain quality, and also that it was not of such quality, and if you can ascertain from the testimony what additional expense, if any, the defendants were put to, in order to prepare such gravel for the use for which it was furnished, which they would not have been put to if it had been such as the guaranty called for, then and in that case you may allow such additional expense as damages to the defendant. If, however, the testimony is not sufficiently definite to enable you to make such computation, then you may, if you shall find as above stated, allow as damages to the defendants the difference between the market value at Lincoln of the material as it was contracted for and of the quality contracted for and the market value of the material at Lincoln as it was when delivered to the defendants.

14

"Seventh—If, under the testimony and the instructions of the court, you shall find any sum due to the plaintiffs, you will compute interest thereon at the rate of seven per cent per annum from the date of the last delivery of material up to February 11, 1889, the first day of the present term of court, and return the same as your verdict herein."

These instructions state the law applicable to the testimony, but not a single one of them was excepted to and, therefore, could not be reviewed. There is no error apparent in the record and the judgment is

AFFIRMED.

THE other judges concur.